**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Wenzhou Chuyin Electronics Co., Ltd.,<br><br>Plaintiff,<br><br>v.<br><br>The Partnerships and Unincorporated Associations Identified on Schedule A,<br><br>Defendants. | Case No. 26-cv-11163<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Wenzhou Chuyin Electronics Co., Ltd. ("Chuyin" or "Plaintiff") brings this action for design patent infringement against the Partnerships and Unincorporated Associations identified on Schedule A (collectively, "Defendants").

**NATURE OF THE ACTION**

1. This action arises from infringement of U.S. Design Patent No. D1,109,423 S (the "D'423 Patent"), titled "Cordless Hair Straightening Comb," which was issued on January 13, 2026.

2. Defendants operate commercial seller accounts and online storefronts on Amazon and Temu that advertise, offer for sale, sell, and/or import cordless hair straightening comb products that copy the ornamental design claimed in the D'423 Patent or are colorable imitations of that design.

3. Plaintiff's investigation preserved product listings, seller profile information, and completed test-purchase order evidence documenting orders placed for shipment to Chicago,

Illinois 60661.

4. Plaintiff seeks injunctive relief, damages, costs, interest, reasonable attorney fees, Defendants' total profits, and other relief available at law.

**THE PARTIES**

5. Plaintiff Wenzhou Chuyin Electronics Co., Ltd. is a company organized under the laws of the People's Republic of China and located in Zhejiang, China. Plaintiff is identified on the face of the D'423 Patent as the applicant for the patented design and is the owner of all right, title, and interest in and to the D'423 Patent, including the right to sue and to recover for past and ongoing infringement.

6. Defendants are individuals, partnerships, unincorporated associations, and/or business entities that operate the seller aliases and storefronts listed on Schedule A. Defendants conceal or obscure their true identities and locations through marketplace aliases, incomplete seller profile information, and rotating product listings.

7. Schedule A identifies the seller alias, the seller identifier, the business information displayed on the seller profile, the accused ASIN or Goods ID, and the completed order evidence associated with each Defendant.

8. The accused listings and products are reflected in Plaintiff's investigation and preserved evidence associated with the Defendants identified on Schedule A.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

10. This Court has personal jurisdiction over each Defendant because each Defendant purposefully directed infringing sales and offers for sale into the United States and Illinois

through Amazon.com and/or Temu.com, accepted payment for an accused product, and shipped or is shipping an accused product to a consumer address in this District. Plaintiff completed a test purchase order from each Defendant named on Schedule A, and each such order was placed for shipment to Chicago, Illinois 60661. In the alternative, to the extent any Defendant is not subject to general personal jurisdiction in any single state, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2).

11. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because each Defendant is a foreign entity not resident in the United States and therefore may be sued in any judicial district. Venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District. Each Defendant has also committed acts of infringement directed to this District, including having accepted an order, or having completed a sale, for shipment to a consumer address in Chicago, Illinois.

**JOINDER**

12. Joinder of Defendants is proper under Federal Rule of Civil Procedure 20(a)(2) and 35 U.S.C. § 299(a). Plaintiff does not rest joinder on the allegation that each Defendant infringes the same patent, which 35 U.S.C. § 299(b) forecloses. Plaintiff instead alleges an aggregate of shared, overlapping operative facts, particular to this accused product group, that link the accused listings to one another and to a common source.

13. The accused products share the same product configuration. Each accused product is a visually resemblant, paddle-form cordless hair straightening comb. Each is presented on Amazon and Temu through the same listing architecture and the same product configuration, and each presents the identical ordinary-observer comparison to the single claim of the D’423 Patent.

14. A series of the same infringing transactions or occurrences by Defendants

concerned the same accused product configuration, including making, using, offering for sale, selling, or importing into the United States. Numerous examples of non-random, overlapping “sameness” are shared across Defendants.

15. For example, two Defendants’ listings recite the same three arbitrary and co-occurring specification markers: MCH ceramic heating, "199M" negative ions, and a 4000mAh battery. The simultaneous appearance of the same markers across separately registered storefronts supports an inference that they come from a common source of drafting. Another two Defendants employ the non-standard plural "Brushs" in their listing titles. That misspelling is arbitrary and not a term of art in the category.

16. Most of the accused products are offered in the same price tier and presented through the same listing architecture, supporting the inference that they originate from a common manufacturing or listing source.

17. Questions of fact common to all Defendants will arise in this action, including the identity and configuration of the accused products, the source and development of those products, the scope, validity, enforceability, and ownership of the D’423 Patent, the content of the prior art against which the ordinary observer is charged, and the ordinary-observer comparison between the patented design and the common accused product configuration.

18. To the extent discovery establishes that a particular Defendant is not linked to the common source alleged above, Federal Rule of Civil Procedure 21 affords a targeted severance remedy as to that Defendant, and Plaintiff does not oppose that remedy in such a case. Joinder is nonetheless appropriate at the pleading stage to permit the expedited discovery necessary to confirm the relationships among the accused seller accounts.

## FACTUAL BACKGROUND

19. The USPTO issued the D’423 Patent on January 13, 2026. A true and correct copy of the D’423 Patent is attached as Exhibit 1. The patent claims the ornamental design for a cordless hair straightening comb and contains one claim: the ornamental design for a cordless hair straightening comb as shown and described.

20. The D’423 Patent identifies Shangjing Xie as inventor, application number 29/954,591, and filing date July 28, 2024.

21. Plaintiff and its authorized representatives investigated Amazon and Temu listings for cordless hair straightening combs that copy the patented design. The investigation preserved, for each Defendant, the accused product page, the seller profile page displaying the Defendant’s business information, and the order detail page for a completed purchase.

22. Plaintiff completed a test purchase of an accused product from each Defendant named on Schedule A. Each order was placed for shipment to Chicago, Illinois 60661.

23. The preserved evidence shows that several accused products use substantially similar product titles, keyword combinations, feature descriptions, and marketing language associated with the same accused cordless hair straightening comb design, such as "Go Brush Pro," "Cordless Hair Straightener Brush," "MCH Ceramic," "199M Ionic," "LCD Display," "Portable," "Rechargeable," "Travel," and "Fast Heating."

24. Plaintiff's investigation identified recurring titles, listing patterns, marketing copy, and non-standard phrases as set forth above, supporting the inference that the listings share common templates, common source materials, or coordinated marketplace operations.

25. Defendants are not authorized or licensed by Plaintiff to make, use, sell, offer to sell, or import products embodying the design claimed in the D’423 Patent or any colorable imitation thereof.

## COUNT I — INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,109,423 S

26. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

27. The D'423 Patent is duly and legally issued and is currently valid, enforceable, and in full force and effect.

28. To an ordinary observer familiar with the prior art, each accused product sold by the Defendants identified on Schedule A and reflected in Plaintiff's preserved evidence is substantially the same as the patented design or is a colorable imitation thereof, such that an ordinary observer would be deceived into purchasing the accused product believing it to be the patented design.

29. Defendants have infringed and continue to infringe the D'423 Patent under 35 U.S.C. § 271 by, among others, making, using, offering to sell, selling, and/or importing into the United States the accused products identified on Schedule A, and products that are not more than colorably different, all without authority or license from Plaintiff.

30. Defendants' infringing conduct has caused and will continue to cause Plaintiff irreparable harm unless enjoined. Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

31. Plaintiff is entitled to damages adequate to compensate for Defendants' infringement under 35 U.S.C. § 284 or, alternatively, to Defendants' total profits under 35 U.S.C. § 289. Plaintiff is also entitled to reasonable attorney fees and costs as this case is exceptional.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment that Defendants have infringed the D'423 Patent;

B. Preliminarily and permanently enjoin Defendants and all persons acting in active concert or participation with them from any further infringement of the D'423 Patent—including without limitation making, using, offering to sell, selling, importing, advertising, promoting, distributing, or transferring any product that infringes the D'423 Patent or is not more than colorably different from the accused products;

C. Order Defendants and relevant marketplace and payment intermediaries to disable or remove infringing listings and preserve documents, accounts, and proceeds relating to the accused products;

D. Award Plaintiff damages adequate to compensate for infringement under 35 U.S.C. § 284 or, in the alternative, Defendants' total profits under 35 U.S.C. § 289;

E. Award Plaintiff enhanced damages pursuant to 35 U.S.C. § 284 to the extent permitted by law;

F. Declare this case exceptional and award Plaintiff its reasonable attorney fees and costs under 35 U.S.C. § 285;

G. Award Plaintiff interest on all damages awarded; and

H. Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

DATED: September 14, 2026

Respectfully submitted,

/s/ Qin Zhuang
Qin Zhuang

870 Sunset Ave, Haworth, NJ 07641
201-905-4195
zhuangqin@zhuangip.com
Counsel for Plaintiff